YOUR AGENCY FORWARDED TO THIS OFFICE A REQUEST FOR AN OPINION OF THE ATTORNEY GENERAL, ASKING, IN EFFECT:
 1. WHAT CIVIL LIABILITY, IF ANY, MIGHT AN EMPLOYEE PHYSICIAN OF THE DEPARTMENT OF VETERANS AFFAIRS INCUR IF SUCH A PHYSICIAN PROVIDES ROUTINE PREVENTIVE MEDICAL CARE AND/OR TREATMENT TO CO-EMPLOYEES ALSO EMPLOYED BY THE DEPARTMENT OF VETERANS AFFAIRS?
 2. WHAT CIVIL LIABILITY, IF ANY, MIGHT THE STATE OR THE DEPARTMENT OF VETERANS AFFAIRS INC R IF SUCH PHYSICIANS WORKING FOR THE AGENCY PROVIDE ROUTINE PREVENTIVE MEDICAL CARE AND/OR TREATMENT TO OTHER EMPLOYEES OF THE DEPARTMENT OF VETERANS AFFAIRS?
AN INITIAL REVIEW OF YOUR INQUIRIES REVEALS THAT MUCH OF YOUR QUESTIONS INVOLVE FACTUAL ISSUES NOT PROPERLY ADDRESSED IN AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. BECAUSE OF THIS, AND BECAUSE YOUR QUESTIONS INVOLVE ISSUES ADDRESSED RECENTLY BY THIS OFFICE, I HAVE BEEN AUTHORIZED TO RESPOND TO YOUR INQUIRY IN THE FORM OF AN INFORMAL LETTER. THIS LETTER SHOULD NOT BE CONSIDERED BY YOU TO BE AN OFFICIAL OPINION OF THE ATTORNEY GENERAL, BUT IS SIMPLY THE LEGAL OPINION OF THE UNDERSIGNED ATTORNEY.
YOUR QUESTIONS INVOLVE ISSUES OF LIABILITY WHICH MIGHT OR COULD ARISE AS A RESULT OF A SANCTIONED, OR APPROVED, PROGRAM WITHIN YOUR AGENCY OF PROVIDING EMPLOYEES WITH EMPLOYMENT RELATED, PREVENTIVE MEDICAL CARE AND/OR TREATMENT, SUCH AS IMMUNIZATIONS, EITHER (1) AS A CONDITION OF EMPLOYMENT, AND/OR (2) ON A EMPLOYEE-VOLUNTEERED BASIS. THIS LETTER WILL ADDRESS ONLY THE LIABILITY ASPECTS OF SUCH A PROPOSED PROGRAM AND THE ADVISABILITY AND/OR LEGALITY OF SUCH A PROGRAM WITHIN YOUR AGENCY IS NOT BEING ADDRESSED HEREIN. FOR PURPOSES OF THIS LETTER, IT IS PRESUMED THAT ALL LEGAL PREREQUISITES HAVE BEEN SATISFIED FOR THE IMPLEMENTATION OF SUCH A PROGRAM AND THAT, AS A MATTER OF PUBLIC POLICY, THE DECISION TO IMPLEMENT SUCH A PROGRAM HAS BEEN SANCTIONED BY THE APPROPRIATE AUTHORITY.
FURTHER, FOR PURPOSES OF ADDRESSING THESE QUESTIONS, IT WILL BE PRESUMED THAT THE HEALTH CARE AND/OR TREATMENT CONTEMPLATED IS BEING RENDERED BY THE EMPLOYEE PHYSICIANS WHILE THEY ARE ON THE JOB WITH YOUR AGENCY.
I. CIVIL LIABILITY, IF ANY, OF THE PHYSICIAN ADMINISTERING THE MEDICAL CARE AND/OR TREATMENT CONTEMPLATED.
PHYSICIANS WITH YOUR AGENCY MAY BE EITHER EMPLOYEES OF THE AGENCY OR THEY MAY BE INDEPENDENT CONTRACTORS. WHETHER THEY QUALIFY AS EMPLOYEES, IN FACT, WILL DEPEND UPON MANY FACTORS, INCLUDING THE DEGREE OF CONTROL EXERCISED BY YOUR AGENCY AS THE EMPLOYER OVER THEM. CAHILL V. WAUGH, 722 P.2D 721 (OKL. APP. 1986); HUNTER CONST. CO. V. MARRIS, 388 P.2D 5 (OKLA. 1963). THE PRESENCE OF A WRITTEN CONTRACT WITH SUCH A PHYSICIAN IS MERELY AN INDICATION OF AN INDEPENDENT CONTRACTOR RELATIONSHIP, BUT IS NOT NECESSARILY DETERMINATIVE OF THE ISSUE. TEXACO, INC. V. LAYTON, 395 P. 2D 393 (OKLA. 1964).
EACH PHYSICIAN'S STATUS, AS AN EMPLOYEE OR AS AN INDEPENDENT CONTRACTOR, IS A CRITICAL FACTOR IN REACHING AN ANSWER TO YOUR FIRST QUESTION. IF THE PHYSICIAN INVOLVED IS AN "EMPLOYEE" UNDER THE FACTS, THEN THE INDIVIDUAL PHYSICIAN'S LIABILITY IS LIMITED UNDER THE PROVISIONS OF THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT, 51 O.S. 151 (1989) ET SEQ. SEE OPINION OF THE ATTORNEY GENERAL NO. 89-075, WHICH ESTABLISHES THAT PHYSICIAN EMPLOYEES ENJOY THE SAME IMMUNITY FROM TORT LIABILITY AS OTHER EMPLOYEES OF THE STATE. SUCH IMMUNITY FROM TORT LIABILITY UNDER THE TORT CLAIMS ACT IS LIMITED TO LIABILITY ARISING FROM CONDUCT OCCURRING WHICH IS WITHIN THE SCOPE OF EMPLOYMENT OF THE INDIVIDUAL EMPLOYEE INVOLVED.
THE QUESTION OF WHETHER ANY GIVEN. EMPLOYEE IS ACTING WITHIN THE SCOPE OF HIS OR HER EMPLOYMENT IS USUALLY A QUESTION OF FACT, AND THUS CANNOT BE DIRECTLY ADDRESSED HEREIN. UNDER THE TORT CLAIMS ACT, HOWEVER, A STATE EMPLOYEE IS WITHIN THE SCOPE OF HIS OR HER STATE EMPLOYMENT IF HE IS PERFORMING, IN GOOD FAITH, DUTIES OF HIS OFFICE OR EMPLOYMENT OR PERFORMING TASKS LAWFULLY ASSIGNED BY A COMPETENT AUTHORITY, BUT DOES NOT INCLUDE CORRUPTION OR FRAUD. SEE 51 O.S. 152(9) (1989). THUS, IF THE PROVIDING OF THE MEDICAL CARE IN QUESTION IS PURSUANT TO A PROPERLY AUTHORIZED PROGRAM, THE INDIVIDUAL EMPLOYEE IS PROTECTED FROM TORT LIABILITY UNDER THE TORT CLAIMS ACT, TO THE EXTENT PROVIDED UNDER THAT ACT.
ON THE OTHER HAND, IF THE PHYSICIAN INVOLVED HAPPENS TO BE AN INDEPENDENT CONTRACTOR, AS A MATTER OF FACT, THE IMMUNITY SHIELDING STATE EMPLOYEES LIKELY WOULD NOT EXTEND TO PROTECT SUCH AN INDEPENDENT CONTRACTOR. SEE 51 O.S. 152.1(A) (1989), WHICH ADOPTS SOVEREIGN IMMUNITY ON BEHALF OF THE STATE AND ITS "EMPLOYEES".
NOTE THAT ALTHOUGH THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT PROVIDES THE EXCLUSIVE MECHANISM FOR TORT RECOVERY AS A RESULT OF NEGLIGENT CONDUCT OF STATE EMPLOYEES, THAT ACT DOES NOT ADDRESS OR GOVERN RIGHTS AND LIABILITY WHICH MAY ARISE AS A RESULT OF CIVIL RIGHTS VIOLATIONS UNDER FEDERAL LAW (SEE 42 U.S.C.A. 1983). FOR PURPOSES OF THIS DISCUSSION, IT IS SIMPLISTIC TO STATE THAT CIVIL RIGHTS EXPOSURE IS LIMITED UNDER THE RULES GOVERNING SUCH CASES, AND THAT CERTAIN DEFENSES AND IMMUNITIES ARE AVAILABLE TO STATE EMPLOYEES. GENERALLY, GOOD FAITH CONDUCT IS PROTECTED FROM SUCH LIABILITY.
II. CIVIL LIABILITY, IF ANY, OF THE STATE OF OKLAHOMA AS A RESULT OF ADMINISTERING THE MEDICAL CARE AND/OR TREATMENT CONTEMPLATED.
YOUR SECOND QUESTION ASKS TO WHAT EXTENT MIGHT THE STATE BE HELD LIABLE FOR INJURY RESULTING FROM THE ADMINISTERING OF SUCH MEDICAL TREATMENT TO ITS OWN EMPLOYEES. THE ANSWER TO THAT QUESTION WILL DEPEND, IN PART, UPON A FACTUAL DETERMINATION OF THE STATUS OF THE EMPLOYEE WHO IS RECEIVING THE TREATMENT, AND WILL ALSO DEPEND, IN PART, UPON THE FACTUAL DETERMINATION OF WHETHER THE PROVIDING PHYSICIAN IS AN "EMPLOYEE" OR AN "INDEPENDENT CONTRACTOR".
IF THE EMPLOYEE RECEIVING THIS TREATMENT IS PARTICIPATING IN A PURELY VOLUNTARY PROGRAM WHICH AFFORDS THE EMPLOYEE AN OPPORTUNITY TO RECEIVE SUCH MEDICAL TREATMENT AT A TIME AND PLACE GENERALLY UNCONNECTED WITH HIS OR HER STATE EMPLOYMENT, AN ARGUMENT MIGHT BE MADE THAT AN INJURY RESULTING THEREFROM COULD BE COMPENSABLE UNDER THE PROVISIONS OF THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT, AT 51 O.S. 151 ET SEQ. IF, ON THE OTHER HAND, THE EMPLOYEE IS RECEIVING SUCH TREATMENT AS A CONDITION OF EMPLOYMENT, A STRONGER ARGUMENT MAY BE MADE THAT ANY RESULTING INJURY WOULD BE A JOB-RELATED INJURY, IN FACT, AND WOULD THEREFORE BE PROPERLY COMPENSABLE UNDER THE WORKERS' COMPENSATION ACT WHICH IS FOUND AT 85 O.S. 1 ET SEQ. THE STATUS OF SUCH A RECEIVING EMPLOYEE IS NEARLY ALWAYS GOING TO BE A FACT QUESTION WHICH CANNOT BE ADDRESSED IN ANY KIND OF GENERAL WAY.
UNDER THE WORKERS' COMPENSATION ACT, AN I JURY IS COMPENSABLE IF IT IS A WORK-RELATED ACCIDENT OR INJURY, AS FOLLOWS:
 "(7) "INJURY OR PERSONAL INJURY" MEANS ONLY ACCIDENTAL INJURIES ARISING OUT OF AND IN THE COURSE OF EMPLOYMENT AND SUCH DISEASE OR INFECTION AS MAY NATURALLY RESULT THEREFROM AND OCCUPATIONAL DISEASE ARISING OUT OF AND IN THE COURSE OF EMPLOYMENT AS HEREIN DEFINED. PROVIDED, ONLY INJURIES HAVING AS THE R SOURCE A RISK NOT PURELY PERSONAL BUT ONE THAT IS REASONABLY CONNECTED WITH THE CONDITIONS OF EMPLOYMENT SHALL BE DEEMED TO ARISE OUT OF THE EMPLOYMENT." 85 O.S. 3(7) (1989) (EMPHASIS ADDED).
UNDER THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT, THE STATE IS NOT LIABLE FOR A LOSS OR CLAIM RESULTING FROM ANY LOSS COVERED BY ANY WORKERS' COMPENSATION ACT. SEE 51 O.S. 155(14). THE STATE'S LIABILITY MAY BE EITHER UNDER THE WORKERS' COMPENSATION ACT OR UNDER THE TORT CLAIMS ACT, BUT NOT BOTH. IF THE EMPLOYEE'S INJURY IS, AS A MATTER OF FACT, A WORK-RELATED INJURY, AND THUS COMPENSABLE UNDER THE WORKERS' COMPENSATION ACT, NO FURTHER INQUIRY IS REQUIRED, SINCE THE STATE'S LIABILITY UNDER THAT ACT WOULD NOT BE IMPACTED BY THE EMPLOYMENT STAT S OF THE PROVIDING PHYSICIAN. IF THE LIABILITY OF THE STATE IS TO BE GOVERNED BY THE TORT CLAIMS ACT PROVISIONS, THE PROVIDER PHYSICIAN'S STATUS MAY ALSO AFFECT THE STATE'S LIABILITY.
THE STATE WILL NOT ORDINARILY INCUR TORT LIABILITY AS A RESULT OF TORTIOUS CONDUCT OF AN INDEPENDENT CONTRACTOR. THE IMMUNITY CONFERRED BY VIRTUE OF THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT, UNDER 51 O.S. 152.1(A), IS ABSOLUTE. THE LIMITED WAIVER OF SUCH IMMUNITY, UNDER 51 O.S. 152.1(B), ALLOWS LIABILITY TO BE ESTABLISHED ONLY AS A RESULT OF THE TORTIOUS CONDUCT OF STATE "EMPLOYEES". THE STATE'S IMMUNITY FOR CONDUCT OF INDEPENDENT CONTRACTORS IS FURTHER BOLSTERED AT 51 O.S. 155(18), WHICH EXEMPTS THE STATE FROM LIABILITY FOR THE CONDUCT OF AN INDEPENDENT CONTRACTOR. THUS, IF THE PROVIDER OF THE MEDICAL TREATMENT IS AN INDEPENDENT CONTRACTOR RATHER THAN AN EMPLOYEE, THE STATE PROBABLY WILL NOT BE LIABLE UNDER THE TORT CLAIMS ACT FOR ANY RESULTING INJURY.
IF THE PROVIDING PHYSICIAN IS A STATE EMPLOYEE, AS A MATTER OF FACT, THEN TORT LIABILITY WOULD BE GOVERNED UNDER THE OTHER VARIOUS PROVISIONS OF THE TORT CLAIMS ACT. GENERALLY, HOWEVER, THE ULTIMATE IMPOSITION OF SUCH LIABILITY AS TO THE STATE WOULD LIKELY TURN ON A FACTUAL DETERMINATION SUCH AS: "WAS THERE NEGLIGENCE INVOLVED?" THERE COULD BE PROCEDURAL BARRIERS TO PAYMENT UNDER THAT ACT, AS WELL.
III. CONCLUSION
IN CONCLUSION, THE ANSWER TO YOUR FIRST QUESTION IS, GENERALLY, THAT PHYSICIAN EMPLOYEES OF THE DEPARTMENT OF VETERANS AFFAIRS WHO PERFORM MEDICAL SERVICES IN CONNECTION WITH A DULY AUTHORITY PROGRAM DESIGNED TO PROVIDE DEPARTMENTAL EMPLOYEES WITH PREVENTIVE MEDICAL CARE ARE PROTECTED FROM TORT LIABILITY BY THE IMMUNITY PROVISIONS OF THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT, AT 51 O.S. 152.1(A). PHYSICIANS WHO PROVIDE SUCH CARE ON BEHALF OF YOUR AGENCY WHO ARE INDEPENDENT CONTRACTORS RATHER THAN EMPLOYEES ARE NOT PROTECTED BY THIS IMMUNITY AND ARE PERSONALLY EXPOSED TO TORT LIABILITY IN THE SAME MANNER AS WHEN THEY IN ANSWER TO YOUR SECOND QUESTION, DEPENDING UPON THE FACTUAL CIRCUMSTANCES SURROUNDING THE EMPLOYEE WHO RECEIVES SUCH MEDICAL TREATMENT, THE STATE MIGHT BE HELD LIABLE FOR ANY RESULTING INJURIES TO SUCH AN EMPLOYEE EITHER UNDER THE WORKERS' COMPENSATION ACT, 85 O.S. 1 ET SEQ., OR UNDER THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT, 51 O.S. 151 ET SEQ. IF THE STATE'S LIABILITY ARISES UNDER THE WORKERS' COMPENSATION ACT NO LIABILITY MAY ARISE UNDER THE TORT CLAIMS ACT, AND VICE VERSA. IF THE LIABILITY OF THE STATE DOES ARISE UNDER THE PROVISIONS OF THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT, IT MAY DO SO ONLY IF THE PROVIDING PHYSICIAN IS AN EMPLOYEE, RATHER THAN AN INDEPENDENT CONTRACTOR, AS A MATTER OF FACT. PERFORM OTHER SERVICES FOR YOUR AGENCY.
(CATHY CLINTON BARNUM)